Our first case for argument this morning is United States v. Cureton. Ms. Christensen. Good morning, Your Honors. May it please the Court and Counsel. My name is Joanna Christensen and I represent the appellant, Thomas Cureton. This case has both a complicated procedural history and complicated issues that seem to be constantly changing the ground beneath us. And I'll try and address some of them, although certainly one of them, the residual clause of 924C, is subject to some interpretation given the Supreme Court's consideration of Lynch v. DiMaia. First, I will address the conviction Mr. Cureton actually stands convicted of at this point, communication of a ransom demand. And we are arguing that this is not a crime of violence as contemplated by 924C3A, the elements clause. And the reason is that it does not have an element. Counsel, our time is short, so let me get right to what puzzles me about that argument. Why does it matter what the, essentially whether he has been convicted of the predicate offense? Since the 924C offense is a separate crime, does it matter which predicate he's been convicted of? It does, because the crime of violence is an element of the 924C conviction. Yes, but a separate conviction for a crime of violence is not an element, as I understand it. No, no. Right, your premise seems to be that since on an earlier remand the district judge vacated count four, only count two could be a predicate. But since a conviction for the crime of violence is not an element, why does it follow? Why couldn't the acts alleged in count four still be the predicate? Ah, I see what you're pointing. Yeah, that's my question. Yes, and that's what the government certainly alleged. No, the government's argument is different. The government says let's remand to reinstate count four. Okay. Right, and there's a little problem with the fact the government didn't take a cross appeal. Correct. My question is why does it matter what's the need for a conviction on count four? Why can't that be the predicate? It's an element. You know, the crime of violence is an element, but why can't count four be the predicate with or without a conviction? Count three would be the predicate. Count three is the attempted extortion, and even without a conviction on three. Yeah, I may be numbering them wrong, but you get the idea. But even without a conviction to the core of your question, I don't think there has to be a conviction. We have to look at the crime of violence, however, to see if that meets the element of crime of violence under the 924C count. So then the question is that is the conduct that would be the underlying offense, conviction or no conviction, does that underlying offense have as an element? I mean, that's our first question here. If we put the residual clause off to the side, does it have as an element the use or attempted use of force? Or threatened use. Or threatened use. So what is a ransom demand? What is a ransom demand? In this case or in general? In general. In general, it is making a demand for payment for the release of someone. And why is it not reasonable to treat a ransom demand as carrying necessarily an implied threat to harm the victim? Because it's for the release of the person. That's necessarily not harm. That's if you get paid. Right. But what if you don't? It could be not releasing the person. In the case of a child, not releasing a child. Maybe no harm would come to the child, but the child would not be released to, I assume, parents or custodial people. I mean, that could be, it's not necessarily harm that's being threatened. It's the threat of not releasing them. It's the threat of the ransom demand. That seems to me like a very odd way of understanding kidnapping. I think, and that gets us to the ordinary case. And I think in an ordinary case, yes, in most cases we see it's going to be the threat of harm to the victim. But kidnapping is not always going to be involving violence or the threat of harm. There can be kidnappings. It won't always involve violence. The question is whether it involves an implied threat of violence. Not necessarily. Okay, give me the example where the kidnapper just says, I'm going to keep this person forever and feed and house and clothe them safely. Right. Invaglement. And it seems far-fetched, but we actually do have a case and conviction in the Central District for invaglement, kidnapping by invaglement, which is trickery. Trickery, sure. But how you get somebody into your control is a different question. The question is what the demand for money carries with it. And, well, let me back up for a second and say, what do you think the standard of review is on this question? For us it's plain error. Okay. And so let me ask you why it would not be plain error to treat a ransom demand as carrying an implied threat of use of physical force. Because we look solely at the elements. And the elements of a ransom demand, communication of a ransom demand, do not contain the element of the threat as they're stated. Okay. And why doesn't, I don't want to belabor the point unduly, but why doesn't the demand for payment of a, quote, ransom, carry with it an implied threat to harm? And I think I'd have to go back to it doesn't necessarily mean harm to the victim. It can mean just keeping the victim. In the case of a child. Have we ever heard of such a kidnapping? Yes. Where the threat was, we'll just keep this victim forever and ever? Yes. That's what I'm talking, the Central District case that we have, the conviction's been entered. I don't believe that individual or those individuals have been sentenced yet. It was kidnapping by embegglement of children and to keep the children and raise them and clothe them and feed them as their own. Was there a ransom demand? No. But if, but the ransom demand itself, it has to be related to a kidnapping. So that is an example where it wouldn't necessarily be a threat of harm. No. Let me ask Judge Helman's question again. Have either we or any other court of appeals seen a situation in which there was a ransom demand where the implicit or else was we will keep the victim forever? Not that I'm aware of. The BRCA case that I cite talks about examples. It doesn't make much sense. The parallel question would be has any court of appeals ever held that a demand for ransom is not, does not imply a threat of violence? Yes. The BRCA case, yes. The BRCA case is that it was not a crime of violence. Well, not necessarily. I believe I do have it. I may be confusing it with another one, but the BRCA case from, does address that issue from the Sixth Circuit. Does address the issue of whether that involves harm, that the person who's convicted of an 875A is involved in the kidnapping, therefore the threat of harm. So I will talk, I think I'm going to leave, given the limited time, leave the 924 residual clause, perhaps to the Supreme Court and the effects that DMIA might have, and talk a little bit about the attempted extortion or extortion. Again, even if that's the underlying offense for the 924C, resurrected, not resurrected, whatever we want to do there. I do question the resurrection. I address that in my reply brief. But the fact is that the attempted extortion can't be a crime of violence either, because it doesn't necessarily involve the element of use of force. And because it is an attempt, an attempt doesn't necessarily mean to attempt all elements of the crime. Actually, I think it does. I'm aware. But I would think your stronger argument is simply that the extortion allows conviction where the demand is made under a color of official right, which is not a violent crime. Right, right. That's my main argument. I did want to address armor that the government cited in 28J. And I'm aware of the concurrence that you wrote in Morris as well. I would disagree that it means an attempt on all elements. It can be an attempt on one, but extortion itself does not necessarily mean a violent physical use of force. So even resurrecting an extortion count or offense would not save the 924C in this case. So I see that I'm in my rebuttal time. I'd like to reserve the rest unless the Court has further questions. Certainly, Counsel. Thank you. Mr. Bierschbach. Thank you, Your Honor. May it please the Court, Counsel. My name is Nick Bierschbach, and I represent the United States of America in this matter. I want to start out with the attempted Hobbs Act extortion issue and whether or not it constitutes a crime of violence under 924C3A. Now, I don't believe that the briefing before the Court at this point sufficiently fleshes out that particular issue. And I think that on remand, the District Court could address that issue. Why do you want to remand? Well, we'd like, if this case is in fact remanded, say that the 924C3B is determined to be unconstitutional. I was just trying to address the Court's earlier question. It's determined to be unconstitutional. In this case, it is remanded. It would be our position that the attempted Hobbs Act extortion charge that serves as the predicate offense for the other 924C convictions should be revived, as our brief states. And how is that possible, given the lack of a cross appeal? I admit that our office did not cross appeal. Well, one would think after that QED, the Supreme Court held in green law that in the absence of a cross appeal, the Court of Appeals cannot modify the judgment in favor of the prosecutor. I think that the 2255 opinions that we cite at least suggest that the essence of what we're looking at is right. What do you want us to do, ignore the Supreme Court? No, Your Honor. Do you have a way to distinguish green law? I do not, Your Honor. Well, then I think you need to move on to some other argument. And even if you did, I don't see how you get around the color of official right problem. I think, Your Honor, that if you look at the statute, and I apologize, but could I just address that question? If you look at the 1951A and you look at the extortion, the definition of extortion, I think that that particular statute is actually divisible between those alternatives that constitute force versus the alternative that is color of official right. And then if you look further at what is required to prove a crime under color of official right, you'll see that that requires a separate element. The government would have to show a quid pro quo. So what I'm trying to say is under Mathis, I think that this statute is actually divisible. And because it's divisible— As opposed to just being different means of carrying out extortion? Correct. I think that there are two elements under the definition of extortion in 1951. And if you look at that, then you can apply the modified categorical approach and look at the indictment, and you can see that Mr. Cureton was, in fact, charged with the force portion of that statute. Do you have any thoughts, Counsel, on the possibility that a ransom demand is necessarily a threat of violence? Our brief does not address that issue, Your Honor. I know. That's why I'm asking. I feel like it would be going outside our brief, but— I'm asking, Counsel, because, look, you're trying to defend—we've got a district court judgment here that's being attacked on grounds that were never presented to the district court. I'm certainly willing to entertain a variety of grounds that may not have been discussed by counsel or in that court that would save that judgment if it's the right thing to do legally. So I'm asking you your views. I think looking at the crime of extortion specifically here, it does involve the element of the use of force because— I'm asking about the crime of communicating a ransom demand. Excuse me, Your Honor. Communicating a ransom demand, yes, it would involve an element as the use of force. What about the Sixth Circuit case that your opponent cited, Burkitt? Well, Your Honor, that would be a case that is not binding on this court. No, it's not binding. And for that reason— But that's an example of where violence wasn't involved. And I think, Your Honor, that that's why the brief submitted to this court essentially suggested that this crime, the communication of a ransom request, would not fall under the purview of 924C3A. Unless there are any other questions, I'm finished with my argument. Mm-hmm. Thank you, counsel. Anything further, Ms. Christensen? Unless the court has further questions. Yes, I've just gone and read BRCA. It doesn't mention Section 924, either Section 924C or Section 924E. So how can it have held that a ransom demand is not a crime of violence within the meaning of either of those two things? I did misspeak when I said that. What BRCA talks about is that kidnapping can be done—I'm sorry, that the communication of a ransom demand can be done without participating in the kidnapping itself. Right. Right. Of course. So it takes out the kidnapping analysis of the use of force. No, it doesn't. If you've got somebody sticking their nose in without having control of the victim, they're still pretending that they do and threatening to do harm as a means to get money. I don't think it's necessarily threatening to do harm. I've already addressed that, so I certainly won't belabor the point. But that's what I cited it for, and I apologize for confusing. So thank you. Okay. Thank you very much. The case is taken under advisement.